## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SALVADOR M. NOBILE,

                Plaintiff,

      v.

U.S. BANK NATIONAL ASSOCIATION,
et al.,

                Defendants.

CIVIL ACTION NO. 1:15-CV-01102

(RAMBO, J.)
(MEHALCHICK, M.J.)

### REPORT AND RECOMMENDATION

Plaintiff Salvador M. Nobile, proceeding *pro se*, brings this action asserting violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), federal civil rights law, and Pennsylvania state law. (Doc. 1). Named as Defendants are U.S. Bank National Association as Trustee for Structured Assets Investment Loan Trust Mortgage Pass Through Certifications, Series 2006-3 ("U.S. Bank"), Phelan Hallinan, LLP, and Joseph P. Schalk, Esquire, of Phelan Hallinan, LLP.[1] Pending before this Court are Defendants' motions to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7; Doc. 10). For the reasons provided herein, it is respectfully recommended that Defendants' motions to dismiss be granted (Doc. 7; Doc. 10), but that Plaintiff be permitted an opportunity to file an amended complaint.

---

[1] The law firm of Phelan Hallinan, LLP changed its name to Phelan Hallinan Diamond & Jones, LLP in early 2015.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

This complaint was filed by *pro se* Plaintiff Salvador M. Nobile on June 5, 2015. While it is difficult to discern the nature of the allegations, it appears that the complaint concerns alleged violations of the FDCPA, Plaintiff's federal constitutional rights and Pennsylvania state law, arising from the commencement and prosecution of a mortgage foreclosure proceeding filed in the Court of Common Pleas of York County and eventual sheriff's sale by Defendants U.S. Bank, Joseph P. Schalk, Esquire, and Phelan Hallinan, LLP, against debtors James Nicholls and Jean Nicholls, nonparties to this action. Plaintiff, a junior lienholder, challenges Defendant U.S. Bank's standing to foreclose on property owned by the Nicholls.[2] Plaintiff contests the validity of the mortgage assigned to U.S. Bank via the Mortgage Electronic Registration System, a national clearinghouse that tracks ownership interests in, and servicing rights to, mortgage loans. Specifically, he claims that he obtained a first priority lien over the Nicholls's property by virtue of his perfecting an interest in the property prior to U.S. Bank acquiring the mortgage by means of assignment. Furthermore, Plaintiff appears to suggest that Defendants not only failed to produce the original note in the state foreclosure action, rendering the foreclosure judgment invalid, but also failed to properly record the assignment in violation of 21 Pa. Stat. § 351, among other Pennsylvania statutes.

Defendant U.S. Bank filed a motion to dismiss the complaint on June 26, 2015. (Doc. 7). A brief in support of that motion was filed on July 13, 2015. (Doc. 11). Defendants Phelan

_____

[2] Plaintiff insists throughout his compliant that he is the "real party in interest."

- 2 -

Hallinan, LLP, and Joseph P. Schalk, Esquire, filed a separate motion to dismiss on June 26, 2015. (Doc. 10). A brief in support of their motion to dismiss was filed on July 13, 2015. (Doc. 12). Plaintiff filed briefs in opposition to Defendants' motions to dismiss on August 11, 2015 (Doc. 13), and August 12, 2015 (Doc. 14), respectively. Defendant U.S. Bank filed a reply brief on August 25, 2015. (Doc. 15). Having been fully briefed, this matter is ripe for disposition.

## II.   STANDARD OF REVIEW[3]

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips* [*v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

---

[3] While Defendants argue that dismissal is warranted for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1), the Court, in liberally construing the *pro se* complaint, proceeds only with those claims asserted by Plaintiff *in his own right* that are subject to dismissal under Rule 12(b)(6) because it is unclear at this juncture in the pleading stage whether Plaintiff could allege additional facts in an amended complaint supporting his standing to assert his FDCPA claims by nature of his status as a third-party lienholder. Thus, the Court does not set forth the Rule 12(b)(1) standard of review, as it does not rely on that standard in disposing of the complaint.

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a motion to dismiss, a trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551

U.S. 308, 322 (2007).[4] Additionally, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III.  DISCUSSION

### A.  FEDERAL CIVIL RIGHTS CLAIMS AGAINST DEFENDANTS

As an initial matter, Defendant U.S. Bank seeks dismissal of Plaintiff's complaint on the basis that the pleading relies on mere labels and conclusions, and fails to provide any factual allegations supporting Plaintiff's claimed entitlement to relief. (Doc. 11, at 14).

The Court agrees that Plaintiff has failed to state any cognizable civil rights violation

---

[4] The Court considers matters within the four corners of the complaint, attached to the complaint, or incorporated into the complaint by reference. While there is an exception that that allows a court to consider documents that are integral to the complaint and upon which the complaint solely relies, a passing reference to an outside document is not sufficient by itself. *Williams v. Time Warner Inc.*, 440 F. App'x. 7 (2d Cir. 2011). Thus, in an effort to avoid converting the motions to dismiss into motions for summary judgment, the Court declines Defendants' invitation to take judicial notice of the exhibits attached to their motions to dismiss, as a review of the complaint reveals that Plaintiff merely makes passing reference to said documents.

against the stated three Defendants, as Plaintiff merely provides a list of constitutional amendments that were allegedly violated by Defendants without relating each violation with predicate factual allegations. For example, Plaintiff asserts violations of the First, Fifth, Seventh, and Fourteenth Amendments to the United States Constitution under 42 U.S.C. § 1983.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). The "under color of state law" element of § 1983 excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

Here, the complaint is completely devoid of any facts demonstrating that Plaintiff was deprived of a right secured by the Constitution. More importantly, it is beyond cavil that Defendants are private entities or individuals, not arms of the state. *See, e.g.*, *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (attorney not a state actor merely based on role as an officer of the court); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d

Cir. 2006) ("[T]he Bank is not a state actor by virtue of its regulation by the government and

participation in the federal reserve system and Federal Deposit Insurance Corporation") (citing

*Apao v. Bank of N. Y.,* 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that a bank using non-judicial

foreclosure procedure provided by state law was not a state actor for § 1983 purposes)).

Under limited circumstances, a private individual may be liable under § 1983 if his or her

conduct is so closely related to governmental conduct that it can be fairly viewed as conduct of

the state itself. *See Mark,* 51 F.3d at 1142–43 (detailing the various tests used to analyze whether

private conduct may be treated as state action). However, none of the conduct alleged by the

Plaintiff can be fairly viewed as state action. The mere fact that U.S. Bank and Joseph P. Schalk

of Phelan Hallinan, LLP, prevailed in the underlying state court foreclosure action does not

convert them into state actors or make their litigation activities improper state action. *See Clapp*

*v. LeBoeuf, Lamb, Leiby & MacRae,* 862 F. Supp. 1050, 1059 (S.D.N.Y. 1994).

Accordingly, the Plaintiff's § 1983 federal civil rights claims against Defendants must be

dismissed for failure to state a claim.

B.  FDCPA CLAIMS

The gravamen of Plaintiff's complaint is that Defendants, with a subordinate interest in

the Nicholls's property, effectuated an improper foreclosure of the property in violation of the

FDCPA. The FDCPA affords "a remedy for consumers who have been subjected to abusive,

deceptive, or unfair debt collection practices by debt collectors." *Pollice v. Nat'l Tax Funding,*

*L.P.*, 225 F.3d 379, 400 (3d Cir. 2000) (citing *Zimmerman v. HBO Affiliate Grp.,* 834 F.2d 1163,

1167 (3d Cir. 1987)). The purpose of the FDCPA is to "eliminate abusive debt collection

practices by debt collectors . . . and to promote consistent State action to protect consumers

against debt collection practices." 15 U.S.C. § 1692(e). The FDCPA is a remedial statute. *Brown v. Card Serv. Ctr.,* 464 F.3d 450, 453 (3d Cir. 2006). Thus, the Court must "construe its language broadly, so as to effect its purpose." *Brown,* 464 F.3d at 453.

Plaintiff's claims are predicated upon alleged violations of 15 U.S.C. § 1692d(1); 15 U.S.C. § 1692e(2)(A)-(5), (10), (13); § 1692f; and § 1692j of the FDCPA. Defendants seek dismissal of the complaint on the basis that Plaintiff has not adequately alleged, nor can he allege, that he is a "consumer" as defined by the FDCPA by nature of his status as a junior lienholder.[5]

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). § 1692c(d) has broadened that definition to include a debtor's

---

[5] Defendant U.S. Bank alternatively seeks dismissal of Plaintiff's complaint on the basis that Plaintiff has failed to properly allege that U.S. Bank is a "debt collector" as defined by the FDCPA. (Doc. 11, at 17). Under the FDCPA, a "debt collector" refers to "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a. Generally, "one attempting to collect a debt is a 'debt collector' under the FDCA if the debt in question was in default when acquired." *F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007). Here, Plaintiff alleges that U.S. Bank acquired the mortgage on November 29, 2011, months after the Nicholls had defaulted on their mortgage on June 1, 2011. (Doc. 1, at 4). By focusing on the status of the debt at the time it was acquired, Plaintiff has demonstrated that Defendants are "debt collectors."

Further, Defendants Joseph P. Schalk, Esquire and Phelan Hallinan seek dismissal of the complaint on the basis that they are shielded under the Pennsylvania judicial privilege doctrine. (Doc. 12, at 7). However, "the FDCPA does not contain an exemption from liability for common law privileges." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 369 (3d Cir. 2011). Thus, the application of the Pennsylvania judicial privilege doctrine does not absolve Defendants from liability under the FDCPA.

spouse, a minor debtor's parents, a guardian, an executor, or an administrator. The Third Circuit Court of Appeals has not explicitly ruled as to which, if any, sections of the FDCPA are necessarily limited to consumers. However, district courts within this Circuit have required a plaintiff bringing claims under 15 U.S.C. § 1692c and certain provisions within 15 U.S.C. § 1692e to be a "consumer." *See Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627, 633 (E.D. Pa. 2013) ("Courts in this district and elsewhere have required a plaintiff bringing claims under certain FDCPA subsections, including §§ 1692c and 1692e, to be a 'consumer' as defined in § 1692c(d).") (citing *Shand–Pistilli v. Prof'l Account Servs., Inc.,* No. 10–CV–1808, 2010 WL 2978029, at *3 n.1 (E.D. Pa. July 26, 2010)); *Cole v. Toll,* No. 07–590, 2007 WL 4105382, at *7 (E.D. Pa. Nov. 16, 2007) (determining that plaintiffs did not have standing to sue under § 1692e(11), because they were not consumers as defined in §§ 1692a(3) and 1692c(d)); *Wenrich,* 2001 WL 4994, at *4; *Wright v. Fin. Serv. of Norwalk,* 22 F.3d 647, 649 n.1 (6th Cir. 1994)) ("Only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c."); *Bank v. Pentagroup Fin., L.L.C.,* No. 08–CV–5293(JG)(RML), 2009 WL 1606420, at *12–13 (E.D.N.Y. June 9, 2009) (same); *Sibersky v. Borah, Goldstein, Altschuler & Schwartz, P.C.,* No. 99 CIV. 3227(JGK), 2000 WL 1448635, at *5 (S.D.N.Y. Sept. 28, 2000) ("[C]ertain sections of the FDCPA are violated only by certain conduct toward a 'consumer.'")). *But see Corson v. Accounts Receivable Mgmt., Inc.*, No. CIV.A. 13-01903 JEI/, 2013 WL 4047577, at *5 (D.N.J. Aug. 9, 2013) ("While Plaintiff does not have standing to assert a § 1692c(a)(1) claim, he does have standing to assert claims pursuant to §§ 1692d, 1692e and 1692f since those sections are not restricted to 'consumers.'").

Conversely, other sections of the FDCPA have expressly been made available, or have

been interpreted to be available, to "any person" aggrieved by improper debt collection practices. Indeed, generally, the FDCPA grants a cause of action to "any person" injured by a debt collector. 15 U.S.C.A. § 1692k(a). "Federal courts interpret Section 1692k(a) as a broad grant available to persons who are not obligated or allegedly obligated to pay the debt that the defendant sought to collect." *Wenrich v. Robert E. Cole, P.C.,* No. 00–2588, 2001 WL 4994, at *3 (E.D. Pa. Dec. 22, 2000). With respect to those statutory provisions that permit "any person" aggrieved by improper debt collection practices to bring a cause of action under the statute, it appears clear that third-party non-consumers will only prevail on an FDCPA claim to the extent that they can adequately "plead some injurious exposure to the communication" or an improper debt collection practice directed *at them. Sibersky v. Goldstein,* 155 F. App'x 10, 11-12 (2d Cir. 2005); *Prophet v. Myers,* No. H–08–0492, 2009 WL 1437799, *4 (S.D. Tex. 2009) (rejected on other grounds) ("The common factor among those cases in which a third-party, non-debtor is held to have standing to bring FDCPA claims is that the alleged debt collection practices were directed towards the third-party. . . . A third-party, non-debtor does not have standing to assert a FDCPA violation based on collection efforts aimed at someone else."); *Dewey v. Associated Collectors, Inc.,* 927 F. Supp. 1172, 1174–1175 (W.D. Wis. June 7, 1996) ("[T]here is no evidence in this case to indicate that defendants directed their collection practices at plaintiff . . . in any way. Allowing her to bring suit would grant her a windfall unintended by the act.").

Here, Plaintiff's complaint, when read as a whole, fails to state a cognizable claim under the FDCPA because his pleadings are devoid of any factual allegations supporting that: (1) Plaintiff is a consumer; or (2) Defendants directed prohibited conduct at him. Plaintiff, a third

party lienholder, offers no facts demonstrating that he was the subject of improper debt collection practices amounting to a violation of each of the aforementioned sections of the FDCPA. Rather, Plaintiff merely offers a formulaic recitation of acts prohibited by the FDCPA and concludes, without specifying the content or nature of Defendants' abusive debt collection practices, that Defendants violated the FDCPA. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

While the Court is hard pressed to conceive of facts that could be alleged in this context establishing that Defendants directed improper debt collection practices at Plaintiff rather than the Nicholls, out of an abundance of caution, the Court will afford Plaintiff an opportunity to amend his complaint to correct the deficiencies with respect to his FDCPA claims.[6]

---

[6] Moreover, the Court notes that to the extent Plaintiff premises liability under the FDCPA on Defendants' acquisition of the assigned mortgage or their authority to foreclose on the defaulted property, Plaintiff lacks standing to do so. Under Pennsylvania law, "the parties to an agreement have no obligation to a nonparty, regardless of the extent to which that nonparty is interested in enforcement or abrogation of the contract." *Rottmund v. Cont'l Assur. Co.*, 761 F. Supp. 1203, 1208 (E.D. Pa. 1990) (citing *Twp. of Aston v. S.W. Del. Cnty. Mun. Auth.*, 535 A.2d 725 (Pa. Commw. Ct. 1988); *Fourtees Co. v. Sterling Equip. Corp.*, 363 A.2d 1229, 1232 (Pa. Super. Ct. 1976)). "In order for [a] [p]laintiff to be considered a third-party beneficiary to the mortgage assignment, the assignment would have had to explicitly state intent to name [p]laintiff a third-party beneficiary to the assignment." *Souders v. Bank of Am.*, No. 1:CV-12-1074, 2012 WL 7009007, at *10 (M.D. Pa. Dec. 6, 2012) *report and recommendation adopted*, No. 1:12-CV-1074, 2013 WL 451863 (M.D. Pa. Feb. 6, 2013). Thus, it is evident that Plaintiff would lack standing to challenge the validity of the mortgage assignment as an FDCPA violation because the mortgage assignment is a contract to which he is neither a party nor third-party beneficiary. Moreover, any claim that Defendants violated the FDCPA by failing to record the assignment pursuant to 21 Pa. Stat. § 351 would lack merit as well, as it stands in direct contravention to the Third Circuit's holding in *Montgomery County, Pennsylvania v.*
*(footnote continued on the next page)*

Accordingly, Defendants' motion to dismiss (Doc. 7; Doc. 10), should be granted and Plaintiff's complaint (Doc. 1), be dismissed without prejudice for failure to state a claim under the FDCPA.

    C.  State Law Claims

Plaintiff also sets forth numerous violations of Pennsylvania state law, including but not limited to a breach of contract claim and a fraudulent concealment claim. (Doc. 1, at 3). Where a district court has dismissed all claims over which it had original jurisdiction, the Court may decline to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Whether the Court will exercise supplemental jurisdiction is within its discretion. *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). That decision should be based on "the values of judicial economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Ordinarily, when all federal law claims have been dismissed and only state law claims remain, the balance of these factors indicates that these remaining claims properly belong in state court. *Cohill*, 484 U.S. at 350. Finding nothing in the record to distinguish this case from the ordinary one, the balance of factors in this case "point[s] toward declining to exercise

---

*MERSCORP Inc.*, 795 F.3d 372, 375 (3d Cir. 2015), that 21 Pa. Stat. § 351 does not mandate recording of all conveyances. "The recording of an assignment of mortgage has no legal import between the parties to the assignment as it is 'not a prerequisite to [a bank] having standing to seek enforcement of the mortgage via a mortgage foreclosure action.'" *Jobe v. Wells Fargo Bank, N.A.*, No. CIV.A. 3:10-1710, 2014 WL 271654, at *6 (M.D. Pa. Jan. 23, 2014) (internal citations omitted). Accordingly, Defendants' alleged failure to record the assignment has no bearing on the validity of the debt and thus, would not constitute a violation of the FDCPA.

jurisdiction over the remaining state law claims." *See Cohill*, 484 U.S. at 350 n.7. Therefore, it is recommended that the Plaintiff's state law claims be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### D.  LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In this case, it is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. It is therefore recommended that Plaintiff be granted leave to file an amended complaint to correct the deficiencies in the original complaint within a specified time period following dismissal of the complaint. *See McAndrew v. Deutsche Bank Nat'l Trust Co.*, 977 F. Supp. 2d 440, 445-46 n.5 (M.D. Pa. 2013). The amended complaint shall be complete in all respects. It must establish the existence of actions taken by the Defendants which have resulted in the constitutional deprivations and violations of federal law. It must specify which actions are alleged as to which Defendants. Further, the amended complaint must be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all named Defendants and claims. It must be a new pleading that stands by itself as an adequate complaint without reference to the original complaint. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).Consequently, all causes of action alleged in the complaint that are not alleged in the amended complaint will be waived.

## IV.    RECOMMENDATION

Based on the foregoing, it is recommended that the Court **GRANT** Defendants' motions to dismiss Plaintiff's complaint (Doc. 7; Doc. 10), without prejudice to the refiling of an amended complaint within a specified time following dismissal of the complaint.

BY THE COURT:

Dated: **January 5, 2016**                          *s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

- 14 -

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

SALVADOR M. NOBILE,

              Plaintiff,

    v.

U.S. BANK NATIONAL ASSOCIATION, et al.,

              Defendants.

CIVIL ACTION NO. 1:15-CV-01102

(RAMBO, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **January 5, 2016**.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: January 5, 2016**

              *s/ Karoline Mehalchick*
              **KAROLINE MEHALCHICK**
              **United States Magistrate Judge**