IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SALVADORE M. NOBILE,         :
                             : Civ. No. 1:15-cv-1102
      Plaintiff            :
                             :
v.                           :
                             : **Magistrate Judge Mehalchick**
U.S. BANK NATIONAL           :
ASSOCIATION, et al.,         :
                             : **Judge Rambo**
      Defendant            :

# **M E M O R A N D U M**

Before the court is a report and recommendation filed by Magistrate Judge Mehalchick (Doc. 20), in which she recommends that Defendants' motions to dismiss Plaintiff [Nobile]'s complaint be granted without prejudice to the refiling of an amended complaint (*id.* at p. 14). Defendants have filed objections to the report and recommendation. (Doc. 21.) No objections have been filed by Nobile. However, on November 21, 2016, he filed an amended complaint.[1] (Doc. 23.)

---

[1] The amended complaint has violated Federal Rule of Civil Procedure 15(a)(1)(B) and (a)(2). These sections provide as follows:

  (a) Amendments Before Trial

    (1) Amending As a Matter of Course.  A party may amend its pleading once as a matter of course within:
      (A) 21 days after serving it, or
      (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

I.      **Background**[2]

Nobile's complaint alleges violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692, federal civil rights law, and Pennsylvania state law. (Doc. 1.) Named as defendants are U.S. Bank National Association and members of the Phelan Hallinan, LLP law firm. Defendants were involved in the foreclosure of property owned by James and Jean Nicholls. Nobile was a junior lien holder on that property. Nobile challenges the validity of the mortgage assigned to U.S. Bank subsequent to the foreclosure action.

II.     **Discussion**

   A.      **Section 1983 Claims**

The magistrate judge interpreted Nobile's constitutional claims as a possible claim arising under 42 U.S.C. § 1983, and recommended dismissal of that claim for failure to state a claim. In doing so, she presented a thorough recitation of the requirement of a § 1983 claim, and concluded that "the complaint is completely devoid of any facts demonstrating that Plaintiff was deprived of a right secured by

---

   (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or with the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)(B) & (a)(2).  The amended complaint was untimely and without consent of the opposition or by an order of court.  The amended complaint will therefore be stricken.

[2]  The report and recommendation and the objections thereto more fully set forth the facts and will not be repeated here. The following is a synopsis.

the Constitution. More importantly, it is beyond cavil that Defendants are private entities or individuals, not arms of the state." (Doc. 20, p. 6.)

To recommend leave to file an amended complaint based upon such findings would be futile.

### B.     FDCPA Claims

Under 15 U.S.C. § 1692k(a), a plaintiff must qualify as a consumer or show that the debt collection practice was directed at him. (Doc. 20, pp. 9-10.)

The magistrate judge provided a thorough review of the case law applicable to a FDCPA claim and the requirements as to who is classified as a consumer and what constitutes unlawful conduct directed to a third party. The magistrate judge found that Nobile did not set forth a cause of action under the FDCPA. Indeed, she stated that "the court is hard pressed to conceive of facts that could be alleged in this context establishing that Defendants directed improper debt collection practices at Plaintiff rather than the Nicholls." (*Id.* at p. 11.)

In their objections to the report and recommendation, Defendants set forth facts surrounding their foreclosure activities against the Nicholls. (Doc. 22, pp. 9-12.) That recitation shows no improper debt collection activities directed at Nobile.[3]

---

[3]  Nobile did not file any objections contesting any of the facts surrounding the foreclosure proceedings set forth in the objections.

**III.    Conclusion**

The court will adopt the report and recommendation of the magistrate judge in all respects except for the recommendation that Nobile be given an opportunity to file an amended complaint. The court recognizes that the Third Circuit has instructed that, if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit an amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); (Doc. 20, p. 5.)  However, the Third Circuit has also held that where "denial of leave to amend is based on 'futility,' it essentially means that a 'complaint, as amended, would fail to state a claim' for relief." *Dombroski v. J.P. Morgan Chase Bank, N.A.*, 513 F. App'x 212, 215 n.5 (3d Cir. 2013) (quoting *Burtch v. Milberg Factors*, Inc., 662 F.3d 212, 231 (3d Cir. 2011)).

Based on the above, Nobile cannot allege any set of facts to support a cause of action pursuant to 42 U.S.C. § 1983 or the FDCPA.

An appropriate order will issue.

  s/Sylvia H. Rambo
United States District Judge

Dated: February 17, 2016